IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| HI-TECH PHARMACEUTICALS, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO.: 1:07-CV-1934 |
| HANK BROWN; LISA VISNICKER; ACTIVE NUTRITION CORP.; LIKEN ENTERPRISES, INC.; SHAWN LINNE; JACK GRIFFEN; ONLINE CORAL CALCIUM, INC.; and ROBERT SMUTEK, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## ORDER OF PRELIMINARY INJUNCTIVE RELIEF
## AS TO DEFENDANTS HANK BROWN AND LISA VISNICKER

WHEREAS, the Plaintiff, Hi-Tech Pharmaceuticals, Inc. ("Hi-Tech")

filed the above-styled civil action against the Defendants alleging various

claims for damages and injunctive relief related to trademark infringement,

false designation of origin, false or misleading description of fact, false or

misleading representation of fact, unfair competition, false advertising, and

dilution under 15 U.S.C. § 1114 and § 1125 and for violations of the laws of

the State of Georgia, specifically trademark infringement, dilution, deceptive

trade practices, false advertising and unfair competition under O.C.G.A. §

10-1-370, *et seq*. and O.C.G.A. § 10-1-420, *et seq*., and violations of the

1

Georgia common law with respect to tortious interference with business relations, and conversion; and finally, violations of Georgia's Racketeering Influenced and Corrupt Organization Act ("RICO"), O.C.G.A. § 16-4-1, *et seq.*, through the violation of the alleged predicate acts, including (a) burglary in violation of O.C.G.A. § 16-7-1; (b) theft by taking in violation of §§ 16-8-2 and 16-14-3(9)(A)(B); and (c) engaging in conduct defined as "racketeering activity" under 18 U.S.C. § 1961 (1)(A)(B) including: (i) mail fraud in violation of 18 U.S.C. § 1341; (ii) wire fraud in violation of 18 U.S.C. § 1343; and (iii) interstate transportation and sale of stolen property in violation of 18 U.S.C. §§ 2314-2315; and (d) conspiracy to commit all of the above offenses of state and federal law; and

WHEREAS, this Court granted a Temporary Restraining Order against the Defendants, Hank Brown ("Brown") and Lisa Visnicker ("Visnicker"), and any of their officers, agents, servants, employees and attorneys, and all those persons in active concert or participation with them, on August 15, 2007; and

WHEREAS, in its Complaint and First Amended Complaint, Hi-Tech requested Preliminary and Permanent Injunctive Relief against the Defendants; and

2

WHEREAS, by Order dated February 28, 2008, this Court Ordered the Defendants, Brown and Visnicker, to Show Cause "why an order should not be entered granting Hi-Tech a preliminary injunction pursuant to Federal Rule of Civil Procedure 65 against Defendants, Brown and Visnicker"; and

WHEREAS, on March 6, 2008, this Court held a hearing in relation to said Order to Show Cause at which Counsel for Hi-Tech appeared but Defendants, Brown and Visnicker, failed to appear; and

WHEREAS, despite this Court's Temporary Restraining Order entered on August 15, 2007 and further Order to Show Cause, Defendants, Brown and Visnicker, have not presented this Court with sufficient information for this Court to deny the entry of Hi-Tech's Request for Preliminary Injunction;

NOW, THEREFORE, THE COURT FINDS THAT:

1.      This Court has jurisdiction over the subject matter herein and over Defendants, Brown and Visnicker;

2.      Hi-Tech is likely to succeed in showing that Defendants, Brown and Visnicker, have infringed upon Hi-Tech's intellectual property rights in the LIPODRENE® trademark and trade dresses by virtue of having sold, offered for sale, distributed, or otherwise disposing of Hi-Tech's LIPODRENE® dietary supplement products containing ephedrine alkaloids

3

without Hi-Tech's authorization or permission and that such use is likely to cause confusion among consumers in the marketplace as to the source of such dietary supplement products in violation of 15 U.S.C. § 1114;

3.    Hi-Tech is likely to succeed in showing that the Defendants, Brown and Visnicker, have falsely and misleadingly advertised and represented that they are associated or connected with, or otherwise sponsored, approved or authorized by Hi-Tech to promote and distribute Hi-Tech's dietary supplement products with ephedrine alkaloids, including LIPODRENE® and that such conduct has caused products to enter into commerce through false advertising, in violation of 15 U.S.C. § 1125(a) and further constitutes violations of 15 U.S.C. § 1125(a), including trademark infringement, false designation of origin, false or misleading description of fact, false or misleading representation of fact, and unfair competition

4.    Hi-Tech is likely to succeed in showing that the conduct of the Defendants, Brown and Visnicker, is made and maintained with the deliberate and willful intent to trade off Hi-Tech's goodwill and reputation built in Hi-Tech's Trademarks and Trade Dresses and to cause dilution of Hi-Tech's famous Trademarks and Trade Dresses, including LIPODRENE®, in violation of 15 U.S.C. § 1125(c);

4

5.     Hi-Tech is likely to succeed in showing that the Defendants, Brown and Visnicker, directly or indirectly, have created, acquired and/or maintained, an interest or control in one or more enterprises and an interest in property and money through a pattern of racketeering activity in violation of O.C.G.A. § 16-14-4(a);

6.     Hi-Tech is likely to succeed in showing that the Defendants, Brown and Visnicker, directly or indirectly, have been employed by, associated with, conducted or participated in the affairs of one or more enterprises including the named Defendants and the aforementioned entities, which affect interstate commerce through a pattern of racketeering activity in violation of O.C.G.A. § 16-14-4(b);

7.     Hi-Tech is likely to succeed in showing that the Defendants, Brown and Visnicker, have conspired to violate the provisions of O.C.G.A. §§ 16-14-4(a) and 16-14-4(b) and in violation of O.C.G.A. §§ 16-14-4(c);

8.     Hi-Tech is likely to succeed in showing that the Defendants, Brown and Visnicker, have engaged in and conspired to engage in a pattern of interrelated criminal activities which constitute predicate criminal actions under O.C.G.A. § 16-4-1 *et seq.*, and which include, but are not limited to:

(a)     burglary in violation of O.C.G.A. § 16-7-1;

(b)     theft by taking in violation of §§ 16-8-2 and 16-14-3(9)(A)(B); and

(c)     engaging in conduct defined as "racketeering activity" under 18 U.S.C. § 1961 (1)(A)(B) including:

(i)     mail fraud in violation of 18 U.S.C. § 1341;

(ii)    wire fraud in violation of 18 U.S.C. § 1343; and

(iii)   interstate transportation and sale of stolen property in violation of 18 U.S.C. §§ 2314-2315; and

(d)     conspiracy to commit all of the above offenses of state and federal law;

9.      Hi-Tech is likely to succeed in showing that the conduct of the Defendants, Brown and Visnicker, constitutes trademark infringement, unfair competition, trademark dilution, false advertising, and deceptive trade practices in violations of the laws of the State of Georgia, including O.C.G.A. §§ 10-1-451, *et seq.* and 10-1-370, *et seq.*, and the common law;

10.     Hi-Tech is likely to succeed in showing that the conduct of the Defendants, Brown and Visnicker, constitutes the intentional interference with Hi-Tech's business relationships with its customers, distributors and retailers;

11.    Hi-Tech is likely to succeed in showing that the conduct of the Defendants, Brown and Visnicker, constitutes a wrongful taking, theft and conversion of Hi-Tech's property, namely, Hi-Tech's LIPODRENE® dietary supplement products containing ephedrine alkaloids, several other private-labeled dietary supplement products manufactured by Hi-Tech which contained ephedrine alkaloids, such as Blu Impact, and Hi-Tech's product labels and raw materials used in connection with the manufacture and production of dietary supplements containing ephedrine alkaloids, which were previously securely stored at Hi-Tech's business location, warehouse and storage facilities;

12.    The Defendants, Brown and Visnicker, continued sale, offering for sale, distribution and/or disposal of Hi-Tech's LIPODRENE® dietary supplement products containing ephedrine alkaloids, several other private-labeled dietary supplement products manufactured by Hi-Tech which contained ephedrine alkaloids, such as Blu Impact, and Hi-Tech's product labels and raw materials used in connection with the manufacture and production of dietary supplements containing ephedrine alkaloids, will result in the immediate and irreparable injury to Hi-Tech and its business reputation if not restrained by this Court;

7

13.    Defendants, Brown and Visnicker, or other persons acting in concert with them, may destroy, hide, distribute, sell or otherwise make the products at issue, namely, Hi-Tech's LIPODRENE® dietary supplement products containing ephedrine alkaloids, several other private-labeled dietary supplement products manufactured by Hi-Tech which contained ephedrine alkaloids, such as Blu Impact, and Hi-Tech's product labels and raw materials used in connection with the manufacture and production of dietary supplements containing ephedrine alkaloids, inaccessible in violation of the current FDA Final Rule declaring dietary supplement products containing ephedrine alkaloids;

14.    The harm to Hi-Tech of denying the requested preliminary injunctive relief outweighs the harm to the legitimate interests of the Defendants, Brown and Visnicker, from granting such an order; and

15.    The granting of Hi-Tech's Motion for the requested preliminary injunctive relief serves the public's interest due to the FDA Final Rule prohibiting the marketing, sale and distribution of dietary supplements containing ephedrine alkaloids;

WHEREFORE, THE COURT ADJUDGES AND ORDERS THAT:

1.    Plaintiff, Hi-Tech's Motion for Preliminary Injunction is hereby GRANTED as to the Defendants, Brown and Visnicker.

8

2.     Defendants, Brown and Visnicker, and any of their officers, agents, servants, employees, attorneys, and all those persons in active concert or participation with them are hereby prohibited from, directly or indirectly:

(a)     Selling, offering for sale, distributing, or otherwise disposing of any of Hi-Tech's LIPODRENE® dietary supplement products containing ephedrine alkaloids, as well as any of the other private-labeled dietary supplement products manufactured by Hi-Tech which contained ephedrine alkaloids, including those which were removed without authorization or permission from Hi-Tech's business location, warehouse and storage facilities;

(b)     selling, offering for sale, distributing, disposing of, and/or using in conjunction with the manufacture and production of any dietary supplement products, Hi-Tech's product labels and raw materials used in connection with the manufacture and production of dietary supplements containing ephedrine alkaloids, including those which were removed without authorization or permission from Hi-Tech's business location, warehouse and storage facilities;

(c)   Marketing, promoting, or advertising any of Hi-Tech's
LIPODRENE® dietary supplement products containing
ephedrine alkaloids, as well as any of the other private-labeled
dietary supplement products manufactured by Hi-Tech which
contained ephedrine alkaloids, including those which were
removed without authorization or permission from Hi-Tech's
business location, warehouse and storage facilities;

(d)   Marketing, promoting, or advertising any dietary
supplement products containing any of Hi-Tech's product
labels and raw materials used in connection with the
manufacture and production of dietary supplements containing
ephedrine alkaloids, including those which were removed
without authorization or permission from Hi-Tech's business
location, warehouse and storage facilities;

(e)   Using "LIPODRENE" or any other word or words which
are similar to or are a colorable imitation of Hi-Tech's
registered trademark LIPODRENE®, either alone or as a part
of or together with any other suffix, prefix, word or words,
trademark, service mark, trade name, domain name, or other
business or commercial designation, or any logo, symbol, or

10

design in connection with the registration, use, sale, offering for sale, advertising or promotion of any dietary supplements, as well as in connection with, any materials related to such dietary supplements including but not limited to, promotional or advertising materials, computer network domain name or computer network website, corporation, partnership, limited liability company, limited liability partnership, or other business entity name; or products related thereto or sold thereto;

(f)     Using Hi-Tech's Trade Dresses, or any other trade dresses confusingly similar to Hi-Tech's Trade Dresses, in connection with the advertising, promotion, marketing, offering for sale or sale of any dietary supplement;

(g)     Using Hi-Tech's advertising and/or promotional materials, or any other advertising or promotional materials confusingly similar to Hi-Tech's advertising and promotional materials, in connection with the advertising, promotion, marketing, offering for sale or sale of any dietary supplements;

(h)     Representing by words or conduct that any dietary supplements which are promoted, offered for sale, licensed or sold by Defendants, Brown and Visnicker, working individually

11

and/or as part of a conspiracy, are authorized, sponsored, endorsed by or otherwise connected with Hi-Tech;

(i)     Committing any act which, in and of itself, or from the manner or under the circumstances in which it is done, amounts to a false designation of origin, false description or false representation and/or false advertising whereby perspective purchasers, or users of a computer network, may be confused, mistaken or deceived into the belief that such dietary supplement products emanate from Hi-Tech or from a company, entity or person that is sponsored, authorized or endorsed by Hi-Tech.

3.     Defendants, Brown and Visnicker, are hereby required to return immediately to Hi-Tech all of Hi-Tech's LIPODRENE® dietary supplement products containing ephedrine alkaloids, any other private-labeled dietary supplement products, which contained ephedrine alkaloids, manufactured by Hi-Tech, including but not limited to Blu Impact, and Hi-Tech's product labels and raw materials used in connection with the manufacture and production of dietary supplements containing ephedrine alkaloids, that are in his/her possession, custody or control.

4.    Defendants, Brown and Visnicker, are hereby required to remove or have removed from any third party websites or from any other advertising or sales media any and all false advertisements or offers for sale of Hi-Tech's LIPODRENE® dietary supplement products containing ephedrine alkaloids, any other private-labeled dietary supplement products, which contained ephedrine alkaloids, manufactured by Hi-Tech, including but not limited to Blu Impact, and Hi-Tech's product labels and raw materials used in connection with the manufacture and production of dietary supplements containing ephedrine alkaloids.

5.    Defendants, Brown and Visnicker, are hereby required to remove or have removed from any third party websites or from any other advertising or sales media any and all false advertisements or offers for sale of dietary supplement products containing and/or bearing Hi-Tech's LIPODRENE® Trademarks and Trade Dresses.

6.    Defendants, Brown and Visnicker, are hereby required to cancel all orders for the purchase of Hi-Tech's LIPODRENE® dietary supplement products containing ephedrine alkaloids, any other private-labeled dietary supplement products, which contained ephedrine alkaloids, manufactured by Hi-Tech, including but not limited to Blu Impact, and Hi-Tech's product

labels and raw materials used in connection with the manufacture and production of dietary supplements containing ephedrine alkaloids.

7.       Defendants, Brown and Visnicker, are hereby required to cancel all orders for the purchase from any of them of dietary supplement products bearing Hi-Tech's LIPODRENE® Trademarks and Trade Dresses or any products bearing infringing trademarks, in whole or in part.

8.       Defendants, Brown and Visnicker, are hereby required to retain all records and information associated with the purchase, receipt, sale, production, promotion or other disposition of any of the above-referenced products.

9.       Defendants, Brown and Visnicker, are hereby required to file with the Court and serve upon counsel for Hi-Tech within thirty (30) days of this Order, a report in writing and under oath setting forth in detail the manner in which they have complied with this injunction.

10.      Hi-Tech shall retain its rights to seek additional relief as sought by the Complaint and First Amended Complaint, as well as, the following rights with respect to the failure of the Defendants, Brown and Visnicker, to fully comply with this Order, including, but not limited to:

        (a)      The right to utilize the discovery tools in the Federal Rules of Civil Procedure to continue Hi-Tech's investigation

into in the events and allegations contained in the Complaint and First Amended Complaint;

(b)     The right to seek contempt powers of the Court;

(c)     The right to invoke the procedures and/or assistance of law enforcement agencies; and

(d)     The right to seek modification or amendment from the Court of the terms of this Order.

IT IS SO ORDERED AND ADJUDGED THIS THE _10th_ DAY OF MARCH, 2008.

RICHARD W. STORY
United States District Judge

15