# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

HI-TECH PHARMACEUTICALS,
INC.,

               Plaintiff,

       v.

JOSEPH R. DEMELO; NORMA
DEMELO; HANK BROWN; LISA
VISNICKER; ALEJANDRO
VALCARCEL; ACTIVE
NUTRITION CORP.; LIKEN
ENTERPRISES, INC.; SHAWN
LINNE; JACK GRIFFEN;
ONLINE CORAL CALCIUM,
INC.; and ROBERT SMUTEK,

            Defendants.

CIVIL ACTION NO.
1:07-CV-1934-RWS

## ORDER

This case is before the Court on Online Coral Calcium, Inc.'s and Robert

Smutek's Motion to Dismiss [Dkt. No. 47], Online Coral Calcium, Inc.'s and

Robert Smutek's Motion to Stay Discovery Pending Federal Criminal Case

Against Plaintiff  [Dkt. No. 67], Hank Brown's Motion to Stay Discovery

Pending Federal Criminal Case Against Plaintiff [Dkt. No. 70], Lisa Visnicker's

Motion to Stay Pending Federal Criminal Case Against Plaintiff [Dkt. No. 71],

Active Nutrition Corp.'s, Liken Enterprises, Inc.'s, Shawn Linne's, and Jack

Griffen's Motion for Summary Judgment [Dkt. No. 72], Hi-Tech

Pharmaceuticals, Inc.'s Motion to Extend Time to Complete Discovery [Dkt.

No. 89], Hi-Tech Pharmaceuticals, Inc.'s Motion for an Order to Show Cause

[Dkt. No. 91], Online Coral Calcium, Inc.'s and Robert Smutek's Motion for

Summary Judgment [Dkt. No. 95], and Online Coral Calcium, Inc's and Robert

Smutek's Motion for Leave to File a Supplementary Brief [Dkt. No. 97].  After

considering the entire record, the Court enters the following Order.

## I. Background[1]

This case arises out of a dispute between Hi-Tech Pharmaceuticals, Inc.,

(hereinafter "Hi-Tech") and various Defendants over the parties' rights in

relation to the development of a natural weight loss supplement LIPODRENE

with ephedra alkaloids.  Plaintiff has asserted federal trademark claims and state

law RICO claims against Defendants.  Plaintiff's Amended Complaint sets forth

various claims alleging that Defendants have wrongfully acquired and/or sold

Plaintiff's LIPODRENE products containing ephedra alkaloids after a regulator

---

[1] These facts are taken from the Plaintiffs' Complaint.  The Court makes no findings as to the facts stated herein.

ban by the United States Food and Drug Administration (Hereinafter, "FDA"). Pl.'s Am. Compl., [Dkt. No. 18].

Criminal charges have been brought against the primary shareholder of Hi-Tech, along with several of its executives. Defendants here move to stay this proceeding until the conclusion of the criminal proceedings is reached. In addition, Online Coral Calcium, Inc., (hereinafter "Online Coral") and Robert Smutek (hereinafter "Smutek") have submitted a Motion to Dismiss the claims against them.

Hi-Tech's claims arise from Defendants' allegedly unlawful efforts to acquire, sell, and distribute certain products manufactured by Hi-Tech, including the LIPODRENE weight-loss product, for purposes of resale to the consuming public in violation of Hi-Tech's rights and in violation of the Federal ban on the sale, distribution, and marketing of this particular product.

On March 18, 2008, a preliminary injunction issued against Defendants to stop their ongoing conduct. [Dkt. No. 42]. Now before the Court are Defendants' Motions to Dismiss.

## II. Analysis

### A. Defendants' Motion for Leave to File Supplemental Brief [ 97]

As a preliminary matter, the Court **GRANTS** Defendants' Motion for Leave to File Supplemental Brief. The Court shall consider this brief and Plaintiff's response to it in the Court's consideration of the motions to which these documents pertain.

### B. Online Coral's and Smutek's Motion to Dismiss [Dkt. No. 47]

Defendant Online Coral and Defendant Smutek have moved, together, to dismiss the claims brought against them in this case. [Dkt. No. 47]. These Defendants contend that Plaintiff's claims for relief under federal trademark law fail as a matter of law, resulting in the lack of subject matter jurisdiction on Plaintiff's remaining claims against them. Mr. Smutek also contends that Plaintiff's claims against him fail for lack of personal jurisdiction.

When considering a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, a federal court is to accept as true all facts set forth in the plaintiff's complaint. Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted); FED R. CIV. P. 12(b)(6). Further, courts must draw all reasonable inferences in the light most favorable to the plaintiff. Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999); FED. R. CIV. P. 12(b)(6). To satisfy the pleading requirements of Federal Rule of Civil

4

Procedure 8, a complaint must contain a short and plain statement showing an entitlement to relief, and the statement must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 512 (2002); FED. R. CIV. P. 8. <u>See also</u> <u>Bell Atl. Corp. v. Twombly</u>, 127 S.Ct. 1955, 1964 (May 21, 2007) (citations omitted); <u>Dura Pharms., Inc. v. Broudo</u>, 544 U.S. 336, 346 (2005).

The Supreme Court has introduced the plausibility standard for motions to dismiss. <u>See</u> <u>Twombly</u>, 127 S.Ct. at 1964-68. The non-movant's factual allegations must raise the right to relief above the speculative level. <u>Id.</u> at 1964. The Supreme Court stressed that "[a]sking for plausible grounds . . . does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [that is relevant]." <u>Id.</u> at 1965.

First, Smutek argues that the Court lacks personal jurisdiction over him, individually, in this case. He moves the Court, under Federal rule 12(b)(2), to dismiss for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). Smutek is a resident and citizen of New York state, and the thrust of Defendants' argument is that he lacks sufficient minimum contacts with Georgia for this court to

5

exercise personal jurisdiction over him. Plaintiff argues, however, that his contacts with Georgia through his company are sufficient for the Court to exercise personal jurisdiction.

To survive dismissal based upon lack of personal jurisdiction, a plaintiff must "allege[] sufficient facts to support a reasonable inference that defendant can be subjected to jurisdiction of the court." The Quikrete Companies, Inc. v. NOMIX Corp., 706 F.Supp. 568, 571 (N.D. Ga. 1989) (quoting Jackam v. Hospital Corporation of America Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986)). As to personal jurisdiction over a nonresident defendant, the plaintiff has the burden of proof. Exter Shipping, Ltd. v. Kilakos, 310 F.Supp.2d 1301, 1311 (N.D. Ga. 2004). "Plaintiff must establish a prima facie case of personal jurisdiction over a non-resident defendant by presenting enough evidence to withstand a motion for directed verdict." Adventure Outdoors, Inc. v. Michael Bloomberg, Mayor of the City of New York, 519 F.Supp.2d 1258, 1270-71 (N.D. Ga. 2007) (citing Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 255 (11th Cir. 1996)).

To assert jurisdiction over a defendant, a court must fulfill both statutory and constitutional requirements. A court must first determine whether the

AO 72A
(Rev.8/82)

Georgia long-arm statute confers personal jurisdiction over a defendant. If so,

then the court must determine whether sufficient minimum contacts exist

between the defendant and the forum state so that the exercise of jurisdiction is

constitutional. Adventure Outdoors, 519 F. Supp. 2d at 1271 (citing Madara v.

Hall, 916 F.2d 1510, 1514 (11 th Cir. 1990).

The Georgia Long-Arm Statute provides:

> A court of this state may exercise personal jurisdiction over
> any nonresident or his executor or administrator, as to a
> cause of action arising from any of the acts, omissions,
> ownership, use, or possession enumerated in this Code
> section, in the same manner as if he were a resident of the
> state, if in person or through an agent, he:
>
> (1) Transacts any business within this state;
>
> (2) Commits a tortious act or omission within this state,
> except as to a cause of action for defamation of character
> arising from the act;
>
> (3) Commits a tortious injury in this state cause by an act or
> omission outside this state if the tortfeasor regularly does or
> solicits business, or engagees in any other persistent course
> of conduct, or derives substantial revenue from goods used
> or consumed or services rendered in this state;
>
> . . .

O.C.G.A. § 9-10-91(1-3).

AO 72A
(Rev.8/82)

As to the statutory requirements, Hi-Tech asserts that the Court may properly exercise personal jurisdiction over Smutek pursuant to the long arm statute. O.C.G.A. § 9-10-91. But the more contested issue here is whether Smutek maintained sufficient contacts with the forum state to justify exercise of jurisdiction over him as an individual. In this case, it is clear that any recent contact Mr. Smutek has had with the state of Georgia has been exclusively for the business dealings of Online Coral, a New York corporation. It has been more than ten years since he has traveled to the state of Georgia, and he owns no property in the state.

Hi-Tech argues, however, that in two recent email correspondences pertaining to the LIPODRENE products, Mr. Smutek referred to himself rather than to his company Online Coral.[2] The Court finds that such language hardly constitutes a personal transaction with a corporation in Georgia, and there is no evidence whatsoever in the record that Hi-Tech understood it this way. It is clear to the Court that Smutek's involvement in this transaction in Georgia, as with all of his dealings in Georgia, was in his corporate capacity as the

---

[2]For example, Hi-Tech quotes one email as saying, "*I called **my** customer*, who was still in possession of the original, "old" Lipodrene *I sold them.*" See Pl.'s Br. in Opp. to Mot. to Dismiss, [Dkt. No. 52] at 16 (emphasis in original).

president of Online Coral. That Smutek may have referred to himself in the first person, as opposed to Online Coral, in the two emails that Hi-Tech points to is not sufficient for the Court to find that Smutek was acting outside the protection of the corporate form and exercise personal jurisdiction over him individually.

It is well established that "[a] nonresident individual cannot be subject to personal jurisdiction based solely upon acts in Georgia taken in his or her corporate capacity." Club Car, Inc. v. Club Car (Quebec) Import, Inc., 352 F.3d 775, 784 (11 th Cir. 2004) (citing Southern Electronics Distrib. v. Anderson, 502 S.E.2d 357, 260 (Ga. App. 1998)). Corporate officers are only individually subject to jurisdiction if engaging in business transactions on their own behalf and for their own "substantial financial benefit," rather than engaging in strictly corporate acts on behalf of the corporation. See Club Car, Inc., 362 F.3d at 784; see also Sculptchair, Inc. v. Century Arts, Ltd., 94 F.3d 623, 628 (11 th Cir. 1996) (dismissing claims against individuals for lack of personal jurisdiction because individuals "were acting in their corporate representative capacities as opposed to their individual capacities").

9

Accepting Plaintiff's allegations as true and construing all evidence in favor of Plaintiff, Hi-Tech has not met its burden to prove a *prima facie* case that the Court has personal jurisdiction over Mr. Smutek. For this reason, the Court concludes that Plaintiff's claims against Mr. Smutek must be dismissed pursuant to Federal Rule 12(b)(2). Fed. R. Civ. P. 12(b)(2). Defendants' Motion to Dismiss on this basis is **GRANTED**.

C. Online Coral's Motion to Dismiss [47] and Motion for Summary Judgment [95]

With Mr. Smutek out of the case, the Court shall address Online Coral's Motions to Dismiss and for Summary Judgment together, for brevity's sake. Federal Rule of Civil Procedure 56 requires that summary judgment be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). "The moving party bears the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes

10

demonstrate the absence of a genuine issue of material fact." Hickson Corp. v.

N. Crossarm Co., Inc., 357 F.3d 1256, 1259 (11th Cir. 2004) (quoting Celotex

Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal quotations omitted)).

Where the moving party makes such a showing, the burden shifts to the

non-movant, who must go beyond the pleadings and present affirmative

evidence to show that a genuine issue of material fact does exist. Anderson v.

Liberty Lobby, Inc., 477 U.S. 242, 257 (1986). The applicable substantive law

identifies which facts are material. Id. at 248. A fact is not material if a dispute

over that fact will not affect the outcome of the suit under the governing law.

Id. An issue is genuine when the evidence is such that a reasonable jury could

return a verdict for the non-moving party. Id. at 249-50.

In resolving a motion for summary judgment, the court must view all

evidence and draw all reasonable inferences in the light most favorable to the

non-moving party. Patton v. Triad Guar. Ins. Corp., 277 F.3d 1294, 1296 (11th

Cir. 2002). But, the court is bound only to draw those inferences which are

reasonable. "Where the record taken as a whole could not lead a rational trier

of fact to find for the non-moving party, there is no genuine issue for trial."

Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (quoting

Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (internal citations omitted); see also Matsushita, 475 U.S. at 586 (stating that once the moving party has met its burden under Rule 56(c), the nonmoving party must do more than simply show there is some metaphysical doubt as to the material facts ). With this standard as a foundation, the Court turns to address Online Coral's Motion for Summary Judgment [Dkt. No. 95].

Here, Plaintiff's Amended Complaint [Dkt. No. 18] sets forth three separate claims against Online Coral for violations of the Lanham Act. Online Coral indicates that Plaintiff has admitted that the product at issue, for which Plaintiff alleges Online Coral has violated federal trademark laws, is "actual LIPODRENE dietary supplements, rather than a copy or counterfeit thereof[.]" [Dkt. No. 19] at 7. Online Coral argues, based on the first-sale doctrine or the exhaustion doctrine, that this admission of a genuine article is fatal to Plaintiff's trademark claims.

"[T]he exhaustion or first-sale rule is not an affirmative defense. Rather, it defines an area of commerce beyond the reach of trademark law. Plaintiff

bears the burden of proving that [the] Lanham Act applies to a Defendant's actions." <u>Taylor Made Golf Co. v. MJT Consulting Group</u>, 265 F.Supp.2d 732, 739 (N.D. Tx. 2003). According to the Eleventh Circuit Court of Appeals:

> The resale of genuine trademarked goods generally does not constitute infringement . . . This is for the simple reason that consumers are not confused as to the origin of the goods: the origin has not changed as a result of the resale. . . . Under . . . the first-sale or exhaustion doctrine, the trademark protections of the Lanham Act are exhausted after the trademark owner's first authorized sale of that product. . . . Therefore, even though a subsequent sale is without a trademark owner's consent, the resale of a genuine good does not violate the Act.

<u>Davidoff & CIE, S.A. v. PLD Intern. Corp.</u>, 263 F.3d 1297, 1301-02 (11th Cir. 2001) (citations omitted); <u>see also</u> <u>Minnesota Mining and Mfg. Co. v. Rauh Rubber, Inc.</u>, 943 F.Supp. 1117, 1128 (D. Minn. 1996), aff d, 130 F.3d 1305 (8th Cir. 1997) (explaining the fundamental principle that trademark law does not prevent the sale of genuine goods bearing a true mark even if the sale is not authorized by the mark owner ).

In response, Online Coral asserts that the application of the first-sale doctrine has been limited to cases where the defendant has done no more than stock, display and resell the trademarked product. <u>Sebastian International, Inc.</u>

AO 72A
(Rev.8/82)

v. Longs Drug Stores Corp., 53 F.3d 1073, 1076 (9th Cir. 1995) (citing Matrix

Essentials v. Emporium Drug Mart, 988 F.2d 587, 593 (5th Cir. 1993) (noting

the first sale doctrine would be inapplicable where the defendant had  more

culpable conduct  beyond mere reselling); see also Merle Norman Cosmetics,

Inc. v. Labarbera, 2007 U.S. Dist. LEXIS 56590, * 5 (S.D. Fla)(quoting Bulova

Corp. v. Bulova do Brasil Com. Rep. Imp. & Exp. Ltd., 144 F.Supp.2d 1329,

1331-32 (S.D. Fla. 2001)).  Conduct by a defendant that goes beyond stocking,

displaying and reselling a trademarked product  may be sufficient to support a

cause of action for infringement.  Sebastian, 53 F.3d at 1076.  Accordingly,

where the alleged infringer sells trademarked goods that are "materially

different" than those sold by the trademark owner, the sale is unauthorized and

constitutes trademark infringement.  Davidoff, 263 F.3d at 1302; see also

Babbit Electronics, Inc. v. Dynascan Corp., 38 F.3d 1161, 1180 (11th Cir.

1994) (stating that identical goods sold in an unauthorized manner are not

necessarily genuine for purposes of the Lanham Act).  Materially different

products bearing the same trademark  may confuse consumers and erode

consumer goodwill toward the mark.  Davidoff, 263 F.3d at 1302 (citing Iberia

Foods Corp. v. Romeo, 150 F.3d 298, 303 (3d Cir. 1998)).

14

In determining materiality, the threshold must be kept low to include even subtle differences between products. <u>Davidoff</u>, 263 F.3d at 1302 (citing <u>Iberia Foods</u>, 150 F.3d at 304). "A material difference is one that consumers consider relevant to a decision about whether to purchase a product." <u>Davidoff</u>, 263 F.3d at 1302 (citing <u>Martin's Herend Imports, Inc. v. Diamond & Gem Trading USA, Co.</u>, 112 F.3d 1296, 1302 (5th Cir. 1997)). Characteristics of the alleged infringer's goods that are not shared by the trademark owner's goods are likely to affect consumers' perceptions of the desirability of the owner's goods. Iberia Foods, 150 F.3d at 303. "Because. . .it is impossible to devise an exhaustive list of the types of difference between products that can be considered material,. . . [a]ny difference that are likely to damage the goodwill developed by the trademark can be deemed material." <u>Id.</u> at 304.

Plaintiff asserts that the products sold by the Defendants (e.g. LIPODRENE dietary supplements with ephedrine alkaloids) are materially different from any product currently sold by Hi-Tech under the LIPODRENE trademark. Plaintiff alleges in the Complaint and First Amended Complaint that it ceased the production, manufacturing, sales and distribution of LIPODRENE dietary supplements with ephedrine alkaloids upon the

15

reinstitution of the Federal ban against such dietary supplement products in November of 2006. Since then, while Plaintiff continues to sell numerous products under the LIPODRENE trademark, none of these products contain ephedrine alkaloids. Original Compl., ¶ 19, ¶ 21.

However, Plaintiff alleges that Defendants sell LIPODRENE dietary supplement products containing ephedrine alkaloids. Thus, Plaintiff contends that consumers are likely to be confused as to whether Hi-Tech has resumed the sale of LIPODRENE containing a banned substance.

Based upon the foregoing, the Court finds that there are genuine issues of material fact regarding the material differences between Hi-Tech's LIPODRENE dietary supplements and the LIPODRENE dietary supplements with ephedrine alkaloids allegedly marketed and sold by the Defendants. Under these circumstances, the first sale doctrine would have no application to the facts before the Court. Therefore, the Motion to Dismiss and the Motion for Summary Judgment on the federal trademark claim by Online Coral Calcium is **DENIED**.

### D. Defendants' Motions to Stay [67, 70, 71]

Defendants Online Coral, Smutek, Brown, and Visnicker have moved,

separately, to stay this case pending the outcome of related criminal proceedings against the sole shareholder and the executives of Hi-Tech. [Dkt. Nos. 67, 70, 71]. Defendants move pursuant to Federal Rule of Civil Procedure 26, for an Order staying discovery during the pendency of the criminal proceedings against Plaintiff Hi-Tech, Plaintiff's sole shareholder Jared Wheat, and several of Plaintiff's executives, including Stephen Smith, Sergio Olivera, and Tomaz Holda. The moving Defendants have requested that discovery in this matter be stayed as to all parties, pending the final resolution, including any appeals of any final resolution, in the matter styled <u>United States v. Jared Robert Wheat, Stephen D. Smith, Tomaz Holda, Sergio Olivera and Hi-Tech Pharmaceuticals, Inc.</u>, No: 1:06-CR-382-JTC.

It appears from the record before the Court that guilty pleas have been entered in the criminal proceedings, that no appeals have been taken, and that no appeals may be taken in the future with regard to the criminal proceedings. For this reason, the Court determines that Defendants' Motions to Stay are now moot, as the criminal case has already reached a final resolution. Accordingly, Defendants' Motions to Stay Discovery Pending the Federal Criminal Case

Against the Alleged Criminal Plaintiffs [Dkt. Nos. 67, 70, 71] are therefore,

**DENIED as moot**.

      <u>E. Active Nutrition's, Liken Enterprises', Shawn Linne's, and Jack</u>

      <u>Griffen's Motion for Summary Judgment [72]</u>

      With the legal standard for summary judgment described above as a foundation, the Court turns to address the merits of Defendants' Motion for Summary Judgment [Dkt. No. 72]. The Court notes that Online Coral has joined in this motion [95], as well.

      In their Motion for Summary Judgment, Active Nutrition, Liken Enterprises, Shawn Linne, and Jack Griffen (hereinafter "the Liken Defendants") urge the Court to grant summary judgment on the claims against them because Plaintiff's claims are barred by the unclean hands doctrine. The doctrine of unclean hands is one that is often applied in the context of trademarks, since trademark law is largely based in equity. In a classic case, the Supreme Court explained:

> "[W]hen the owner of a trade-mark applies for an injunction to restrain the defendant from injuring his property by making false representations to the public, it is essential that the plaintiff should not in his trade-mark, or in his advertisements and business, be himself guilty

of any false or misleading misrepresentations; that if the plaintiff makes any material false statement in connection with the property which he seeks to protect, he loses the right to claim the assistance of a court of equity."

Worden & Co. v. California Fig Syrup Co., 187 U.S. 516 (1903). More recently, one court held that:

"[u]nclean hands is a defense to a Lanham Act infringement suit. Trademark law's unclean hands defense springs from the rationale that the plaintiff should not in his trade mark, or in his advertisements and business, be himself guilty of misleading representation. To show that a trademark plaintiff's conduct is inequitable, defendant must show that plaintiff used the trademark to deceive consumers."

Japan Telecom, Inc. v. Japan Telecom America, Inc., 287 F.3d 866, 870 (9th Cir. 2002). The "[u]nclean hands defense, whether arising from violation of antitrust laws or some other laws, can be utilized in a trademark infringement and unfair competition case." The Coca-Cola Company v. Howard Johnson Company, 386 F.Supp. 330, 336-37 (N.D. Ga. 1974).

Here, the Liken Defendants urge the Court to bar Plaintiff's claims against them because of Plaintiff's allegedly wrongful conduct in connection with its LIPODRENE mark. The Liken Defendants allege that Hi-Tech's misuse of the LIPODRENE mark undermines any of its claims against these

19

Defendants. They further argue that intentional material misrepresentation constitutes unclean hands. See Mullens & Kropff, Inc. v. Ferd, Meulhens, Inc., 43 F.2d 937, 939 (2d Cir. 1929).

The Liken Defendants request that the Court take judicial notice of two other cases involving Plaintiff and its corporate officers: Federal Trade Commission v. National Urological Group, Inc. d/b/a Warner Laboratories, et al (Civil Action File No. 1:04-cv-3294-CAP) (hereinafter "the FTC Case") and United States v. Wheat, No. 1:06-cr-382-JTC (hereinafter "the Criminal Proceeding"). A "court may take judicial notice of its own records and the records of inferior courts." United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987). The Liken Defendants also allege that Jared Wheat committed fraud on the Patent and Trademark Office, and his fraud should be taken into account in assessing Hi-Tech's unclean hands.

In the FTC case, the Federal Trade Commission obtained a permanent injunction and was awarded the disgorgement of profits totaling $14,882,436.00 against Hi-Tech, its principals, and related companies. In this case, Hi-Tech and its co-conspirators were found to be acting in a common enterprise in"marketing, distributing and selling weight loss and/or erectile performance

20

dietary supplements under the names Thermalaen, Lipodrene, and/or Spontane-ES." FTC Case, Order at 2. The Court found Hi-Tech and its principals liable for intentional material misrepresentation in unfair and deceptive trade practices and false advertising. Id. at 90, 98.

The Liken Defendants assert that, in the present case, Plaintiff is bound by these findings by issue preclusion. Issue preclusion forecloses relitigation of issues of fact or law that have been litigated and decided in a prior suit. See generally, L.A. Durbin, Inc. v. Jefferson Nat'l Bank, 793 F.2d 1541, 1549 (11th Cir. 1986); Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 (1979) (collateral estoppel has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party and of promoting judicial economy by preventing needless litigation).

The usual four prerequisites to application of issue preclusion are as follows: (1) the issue at stake must be identical to the one involved in the prior litigation; (2) the issue must have been actually litigated in the prior suit; (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in that action; and (4) the party against whom the earlier decision is asserted must have had a full and fair opportunity to

litigate the issue in the earlier proceeding. I.A. Durbin, Inc. v. Jefferson Nat'l Bank, 793 F.2d 1541, 1549 (11 th Cir. 1986). The Liken Defendants contend that these prerequisites are met in this case: (1) the issue at stake is identical in both cases; (2) the issue of Hi-Tech's bad faith and/or fraud was litigated in the prior case; (3) that issue was a critical and necessary one in the prior case; and (4) Hi-Tech, who moved unsuccessfully for summary judgment on its own behalf, had a full and fair opportunity to litigate the issue of bad faith and/or fraud. I.A. Durbin, 793 F.2d at 1549.

To prevail on their affirmative defense that unclean hands bar Hi-Tech's claims, the Liken Defendants must establish that: (1) the plaintiff's wrongdoing is "directly related to the claim against which it is asserted," and (2) even if "directly related," such wrongdoing does not bar Plaintiff's relief unless the Liken Defendants can show personal injury from the Plaintiff's conduct. Calloway v. Partners National Health Plans, 986 F.2d 446, 450 (11th Cir. 1993). It is well-established that the doctrine of unclean hands only applies where the acts of the plaintiff have "immediate and necessary relation" to the remedy sought in the current litigation. Keystone Driller Co. v. General Excavator Co., 290 U.S. 240, 245 (1933).

22

In this case, Plaintiff contends that the actions of Hi-Tech as described by Judge Pannell in his Order and the rights sought to be protected by Hi-Tech in this litigation, do not have the required nexus for application of the unclean hands doctrine. Plaintiff urges that the Liken Defendants have mischaracterized the nature of Judge Pannell's findings. Hi-Tech argues that in order for the clean hands doctrine to apply, Hi-Tech's conduct must be "specifically related to the trademark which is at issue and not collateral to the trademark itself." Immuno Vital, Inc. v. Golden Sun, Inc., 49 F. Supp. 2d 1344, 1361 (S.D. Fla. 1997) (citing Worden v. California Fig Syrup Company, 187 U.S. 516 (1902)).

Plaintiff indicates that Judge Pannell did not find either U.S. Trademark Registration No. 2,952,072 or the mark LIPODRENE itself to be misrepresentative, fraudulently procured, or otherwise invalid or unenforceable. Rather, Judge Pannell took issue with certain advertisements used in connection with a product named Lipodrene that was previously marketed by Hi-Tech's sister company. Plaintiff argues that the particular Lipodrene product at issue in the FTC case is not the same as the LIPODRENE product currently at issue before the Court. While the mark appears to be remarkably similar to the one used in connection with the old product, there is not enough evidence in the

23

record at this stage in the litigation for the Court to conclude that the new

LIPODRENE trademark and trade dress rights asserted here are similar enough

to those of the old Lipodrene product to warrant the application of the unclean

hands doctrine.  Thus, the Court concludes that there are issues of fact that

preclude entry of summary judgment on this issue.

For the foregoing reasons, Defendants' Motion for Summary Judgment

[Dkt. No. 72] is hereby **DENIED**.

### F. Hi-Tech's Motion for Order to Show Cause [91]

Plaintiff has moved the Court for an Order to Show Cause regarding why

Defendants Hank Brown and Lisa Visnicker should not be held in contempt of

the Court's Order of July 14, 2008, [Dkt. No. 75], directing these two

Defendants to comply with certain discovery requests. [Dkt. No. 91].

On May 19, 2008, Hi-Tech moved the Court for an Order compelling

Brown and Visnicker to respond to Hi-Tech's interrogatories and document

requests, and further compelling Brown and Visnicker to sit for deposition.

[Dkt. No. 60].  On July 14, 2008, the Court granted Hi-Tech's Motion to

Compel and ordered Brown and Visnicker to respond to Hi-Tech's

interrogatories and requests for production of documents and things within

24

twenty days of the Court's Order.  Brown's and Visnicker's responses were due

in early August 2008.  However, Brown and Visnicker have still not provided

any responses to the outstanding interrogatories and requests.  They have also

failed to appear for deposition.

There have been email correspondences between these two Defendants

and Hi-Tech's counsel concerning their alleged inability to comply with the

discovery process.  However, neither Brown nor Visnicker have filed any

response to the instant motion.  Based upon the Defendants' repeated acts of

non-compliance, the Court **GRANTS** Plaintiff's Motion, and **ORDERS**

Defendants Brown and Visnicker to appear before the Court on April 21, 2009

at 10:30 a.m. in Courtroom 2105, United States Courthouse, Atlanta, Georgia to

show cause as to why they should not be held in contempt for their failure to

comply with the Court's Order.

G. Hi-Tech's Motion to Extend Time to Complete Discovery [89]

Finally, the Court notes that Plaintiff has conferred with the other parties

and filed a Motion to Extend Deadlines [Dkt. No. 89].  Considering the

disruption that the related criminal proceedings may have caused in the time

line for this case, the Court concludes that Hi-Tech Pharmaceuticals, Inc.'s

25

Motion to Extend Time to Complete Discovery [Dkt. No. 89] is **GRANTED**

and it is **ORDERED** that discovery in this case shall be extended by 4 months

for all parties remaining in the case after the entry of this Order.

### III. Conclusion

In conclusion, Online Coral Calcium, Inc's and Robert Smutek's Motion

for Leave to File a Supplementary Brief [Dkt. No. 97] is **GRANTED**.  Online

Coral Calcium, Inc.'s and Robert Smutek's Motion to Dismiss [Dkt. No. 47] is

hereby **GRANTED** as to Robert Smutek but **DENIED** as to Online Coral**..**

Online Coral Calcium, Inc.'s Motion for Summary Judgment [Dkt. No. 95] is

also **DENIED**.

Online Coral Calcium, Inc.'s and Robert Smutek's Motion to Stay

Discovery Pending Federal Criminal Case Against Plaintiff  [Dkt. No. 67] is

hereby **DENIED as moot**, Hank Brown's Motion to Stay Discovery Pending

Federal Criminal Case Against Plaintiff [Dkt. No. 70] is hereby **DENIED as**

**moot**, Lisa Visnicker's Motion to Stay Pending Federal Criminal Case Against

Plaintiff [Dkt. No. 71] is hereby **DENIED as moot**.

Hi-Tech Pharmaceuticals, Inc.'s Motion to Extend Time to Complete

Discovery [Dkt. No. 89] is **GRANTED** and it is **ORDERED** that discovery in

this case shall be extended by 4 months.

Active Nutrition Corp.'s, Liken Enterprises, Inc.'s,, Shawn Linne's, and Jack Griffen's Motion for Summary Judgment [Dkt. No. 72] is hereby **DENIED**.

Hi-Tech Pharmaceuticals, Inc.'s Motion for an Order to Show Cause [Dkt. No. 91] is hereby **GRANTED**, and Defendants Brown and Visnicker are **ORDERED** to appear on April 21, 2009 at 10:30 a.m. in Courtroom 2105, United States Courthouse, Atlanta, Georgia to show cause why they should not be held in contempt.

It is further **ORDERED** that all parties appear for a status conference on April 21, 2009, at 10:30 a.m. in Courtroom 2105, United States Courthouse, Atlanta, Georgia.

**SO ORDERED**, this _31st_ day of March, 2009.

**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)