IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| HI-TECH PHARMACEUTICALS, INC., | : |
| | : |
| Plaintiff, | : |
| | : CIVIL ACTION NO. |
| v. | : 1:07-CV-1934-RWS |
| | : |
| HANK BROWN and | : |
| LISA VISNICKER, | : |
| | : |
| Defendants. | : |

**ORDER**

This case came before the Court for a hearing on the issue of damages on May 3, 2010. After considering the submissions of parties, evidence presented at the hearing, and arguments, the Court enters the following Order.

On March 29, 2010, the Court entered an Order [145] striking the Answers of Defendants Hank Brown and Lisa Visnicker and entering default judgment in favor of Plaintiff against these Defendants. Thus, the allegations of Plaintiff's Complaint are deemed admitted, and these Defendants are liable for damages pursuant to the causes of action asserted therein.

AO 72A
(Rev.8/82)

Plaintiff seeks damages for violations of the Lanham Act and for violations of laws of the state of Georgia, including Georgia's Racketeering Influenced and Corrupt Organization Act ("RICO").

Plaintiff seeks damages for losses in three specific areas. First, Plaintiff seeks to recover damages for raw ingredients stolen from their storage facility. However, the Court finds that this loss is not attributable to these Defendants. Plaintiff presented evidence at the hearing identifying the persons who stole the raw ingredients. Evidence was also presented that these Defendants did not participate in or receive any of the stolen ingredients. Therefore, Plaintiff is not entitled to recover damages against these Defendants for the loss of the raw ingredients.

Second, Plaintiff seeks to recover for Blu Impact pills stolen from its warehouse. The Blu Impact product was produced for a customer of Plaintiff. Plaintiff charged the customer $9 per bottle for producing the product. The original invoice for the product produced for the customer was $85,230. Plaintiff was paid $54,280 of the invoice amount, leaving a balance due to Plaintiff of $30,950. After the Blu Impact was stolen, 51 cases of product were returned to Plaintiff. The value of the returned product was $38,566. This

amount exceeds the balance due to Plaintiff.  Therefore, Plaintiff suffered no loss as a result of the theft of the Blu Impact.

Finally, Plaintiff asserts that 326 cases of Lipodrene were taken.  Again, Plaintiff has identified the persons who stole the Lipodrene.  Defendants were not among those persons.  However, the evidence establishes that Defendants purchased 32 cases of the Lipodrene from the thieves.  Therefore, Defendants should be held accountable for the value of that product.  Based upon a wholesale value of $14 per bottle, the value of the stolen Lipodrene attributable to these Defendants is $53,760.  Plaintiff is entitled to treble damages under the Lanham Act, 15 U.S.C § 1117(b) and Georgia RICO, O.C.G.A § 16-14-6(c).  Therefore, Plaintiff is entitled to recover damages from Defendants in the sum of $161,280.

Plaintiff also seeks punitive damages against Defendants.  Though Defendants are guilty of willful and intentional conduct, the Court is not inclined to award punitive damages.  The Court finds that Plaintiff's conduct was not above reproach during the times relevant to this action.  Therefore, the Court is not inclined to reward Plaintiff with punitive damages assessed against these Defendants.  For this same reason, the Court declines to grant Plaintiff's request to make this Judgment nondischargable in bankruptcy.

3

Plaintiff also seeks attorney's fees and costs against Defendants. Plaintif has not submitted itemized statements of the hours expended. Rather, the attorneys have submitted declarations that the fees sought are reasonable fees based on the services provided. Counsel have requested that they be permitted to submit itemized statements under seal if such statements are required by the Court. Because the Court is significantly reducing the requested fees and costs, the Court will rely upon its experience and its knowledge of the proceedings in this case to set the fees. The Court will not require the additional labor of creating itemized time sheets and thus, avoid additional fees that Defendants must bear. The Court is further inclined to address the issue in this way because Defendants did not specifically challenge the fees at the hearing.

The Court is reducing the fees requested by Plaintiff based on the following factors. There is a significant disparity between the actual recovery of damages by Plaintiff ($161,280) and the damages sought (over $50 million). Also, the fees were generated litigating against twelve (12) defendants. The two defendants remaining in the case should not bear the entire cost of the litigation. This consideration is tempered, however, by the fact that these Defendants did cause additional work by counsel due to their unwillingness to comply with discovery obligations in the case. After due consideration of all of

4

these factors, Plaintiff is awarded the sum of $30,000 for attorney's fees and costs.

Based on the foregoing, Judgment shall be entered in favor of Plaintiff and against Defendants Hank Brown and Lisa Visnicker in the sum of $191,280.

**SO ORDERED**, this  11th  day of May, 2010.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE